### In re JOHNSON.

(District Court, N. D. Ohio, W. D.   June 27, 1913.)

No. 2,081.

1. BANKRUPTCY (§ 140*)—PROPERTY—OWNERSHIP.
    Where goods are sold to a buyer in the ordinary course of business and are not stopped in transitu because of the buyer's insolvency, his title becomes absolute.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225;  Dec. Dig. § 140.*]

2. BANKRUPTCY (§ 140*)—PURCHASE OF GOODS—FINANCIAL REPORTS—FRAUD.
    Where a seller of goods to a bankrupt on credit relied entirely on a rating given by a commercial agency, based on a totally false statement orally made by the bankrupt to the commercial agency's representative, the seller was entitled to recover the goods from the bankrupt's trustee.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225;  Dec. Dig. § 140.*]

In Bankruptcy.  In the matter of bankruptcy proceedings of Thomas E. Johnson, bankrupt.  On exceptions to the findings of the special master in proceedings by the Brauer Bros. Manufacturing Company and the Bostwick-Braun Company for the reclamation of merchandise sold to the bankrupt.  Exceptions overruled in part.

Lewis B. Hall, of Toledo, Ohio, for Bostwick-Braun Co,  ·
R. R. Zurmehly, of Lima, Ohio, for Brauer Bros.
B. F. Welty, of Bluffton, Ohio, for trustee.

KILLITS, District Judge.  This case is before the court upon exceptions taken to the findings of the special master, to whom were referred the petitions of the Brauer Bros. Manufacturing Company and the Bostwick-Braun Company for reclamation of merchandise in the several petitions described.  The court has considered the evidence and the arguments of counsel in both of these cases.  Considering the petition of the Brauer Bros. Manufacturing Company, we are of the opinion that the master arrived at the correct conclusion and that the petition was rightfully denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] These goods seem to have been sold in the ordinary course of business to the bankrupt, and, not having been stopped in transitu, the latter's title became complete. The finding of the special master is therefore approved.

[2] The court, however, cannot follow the finding of the special master with reference to the petition of the Bostwick-Braun Company. The ground for reclamation in this instance is the fact of a false report of the bankrupt's financial condition to the mercantile agencies. There is no dispute but that the petitioner exercised diligence in endeavoring to ascertain, through the recognized sources of information, whether or not the bankrupt was a safe customer to deal with on credit, and it is likewise true that the rating given by R. G. Dun & Co. to the bankrupt was one which amply justified the extension of such credit as was given him by the petitioner. The statement upon which the rating was based was absurdly untrue. In behalf of the petitioner, it is definitely insisted that this statement, although not signed by Mr. Johnson, was taken down by the reporter accurately from the verbal statements of the bankrupt to him, made with knowledge that they were to be used in the revision of the ratings of Lima merchants by the mercantile agency. It is also in harmony with a statement signed by the bankrupt a year previous, which, we judge, was likewise false. In view of the shambling and equivocal nature of the bankrupt's replies to questions touching his relation to the making of this last rating, wherein he suffers a loss of memory, it is not difficult for the court to find that the more reliable testimony is that of the reporter for the mercantile agency, and that Mr. Johnson had a responsibility for the false rating upon which the petitioner relied The bankrupt's own testimony of the condition of his business, as found by him through inventories, etc., shows also that he was chargeable with knowledge of his insolvency at the time he ordered the goods in question. In the judgment of the court, it is of no consequence that the report upon which the rating was based was oral or unsigned by the bankrupt. All that is necessary to be determined is responsibility on the part of the bankrupt for the rating in question, and that responsibility is chargeable in this case, we think, to Mr. Johnson.

The exceptions to the findings of the master with reference to the petition of the Bostwick-Braun Company are therefore allowed, and the trustee is directed to surrender the goods involved described in the petition so far as the same have come into his possession to the petitioner, which shall recover its costs expended in this proceeding, taxed at $ ——.